McCALEB, Chief Justice.
 

 Kenneth N. Cazes was convicted of the illegal possession of marijuana by a twelve-man jury and sentenced to serve three and one-half years in the Parish Prison. His appeal presents three bills of exceptions for our consideration.
 

 Bill No. 1 was taken when, after a hearing, the trial court overruled appellant’s motion to suppress evidence which consisted of a matchbox containing green vegetable matter (identified at the trial as marijuana). The motion was based on the allegation that the evidence was seized in a search of appellant’s apartment without a search warrant and without probable cause. Bill of Exceptions No. 2 was reserved to the overruling of appellant’s objection, made during the trial, to the introduction of the matchbox and its contents along with a brown envelope (containing the matchbox) and the copy of the New Orleans Police Department crime laboratory report as to the nature of the substance in the box. This objection also was based on the lack of probable cause in the seizure of the box and its contents (as contended in the motion to suppress). Additionally, it was urged that the State failed to establish proper identification of the box, that is, connexity, patent materiality and initial links in the chain of custody, and that it failed to show that the box was under the control of appellant.
 

 In support of the motion to suppress, appellant himself took the stand and called as witnesses the officers who seized the marijuana. Appellant testified that he was in his motel room with a person named Bruce when Officer Charles Hewlett, who was in plainclothes, and other officers in uniforms entered the room without a search warrant and without his permission, claimed they found a box of marijuana and “took him off.” On the other hand, the testimony of the officers is that the seizure was effected under the following circumstances:
 

 Hewlett, who was acting in his capacity as auxiliary policeman with the New Orleans Police Department, was working with Patrolman Marion Segagrs of the Vice
 
 *207
 
 Squad, when they received information Tfoin a previously reliable informant that a subject at a named motel was in possession of marijuana in his motel room. Hewlett went to the motel lounge and shortly thereafter the informer came into the lounge with appellant, who appeared to be intoxicated — he was giggling, laughing and had a pet snake around his arm. Hewlett was introduced to appellant and bought drinks for the three of them. Appellant’s handling of the snake and erratic behavior incurred the displeasure of the waitress and he was requested to leave. Pie then invited the informer (who was the Bruce referred to by appellant) and Hewlett to his motel room. On arriving there he lay on the floor playing with the snake, and commenced smoking a homemade cigarette. At this timé Plewlett observed on a desk in the room a half-opened matchbox contain,ing green vegetable matter which appeared to him, from his experience as a police officer, to be marijuana. While appellant was still on the floor Hewlett excused himself on the pretext of obtaining more : drinks. Outside, he contacted the night manager of the motel and asked him to call for a police unit to come. The manager; who happened to be an off-duty police officer, told him he had already called for .the. police to come because of appellant’s previous misbehavior with the snake in the lounge.
 

 Shortly thereafter the officers arrived and went to appellant’s room with Hewlett, who knocked on the door. On being asked by appellant who it was, he replied, “Me, Ken”, whereupon appellant opened the door and Hewlett entered followed by the members of the unit. Appellant was taken into custody and the matchbox and its contents seized by the arresting officers.
 

 We conclude, as did the trial court, that the evidence established a clear case of probable cause for the arrest and for the seizure by the police of the matchbox containing marijuana. Hewlett was initially invited into the room, and was there with appellant’s permission. Appellant’s conduct, the homemade cigarette and the observation of the matchbox and its contents which were in plain view, constituted reasonable grounds for the officer to believe that an offense (illegal possession of marijuana) was being committed, such as to justify calling in the other officers to effect an arrest.
 

 The motion to suppress was properly overruled.
 

 The foregoing facts, in addition to the showing that the room was rented to appellant only
 
 [1]
 
 and that no one was in the room when appellant entered it with the informer and Officer Hewlett, also serve to establish constructive possession of the drug by appellant. This Court has said on
 
 *209
 
 innumerable occasions that it is not necessary that the item seized be on the person of the accused, but only that the facts show that it was under his possession and control. See State v. Smith, 257 La. 1109, 245 So.2d 327 (1971) and cases cited therein.
 

 Nor does the record establish appellant’s claim that the State failed in its identification of the matchbox and its contents. To the contrary, its possession from the time it was taken from appellant’s room until it was introduced into evidence was established by the officers who handled it. Besides, at the trial when, after -the State had qualified its chemical expert and was commencing its questipning of him for the purpose of establishing the chain of custody through the various police officers, defense counsel stated, “I think the Defense will stipulate to the chain of evidence and who got it from and who and how it got here.” Whereupon the prosecuting attorney recited, for the record the stipulation as to the chain of custody.
 

 Bill of Exceptions No. 3 was reserved when the trial court overruled appellant’s motion for a new trial, based principally on the assertion that the trial of appellant by á twelve-man jury was illegal and that he should have been tried by a five-man jury.
 

 Under Louisiana law, the kind of jury by which a criminal case is triable is determined by the gravity of the offense and, when imprisonment is involved on whether or not such imprisonment is necessarily at hard labor. Our Constitution, Article VII, Section 41, declares:
 

 “ * * * All cases in which the punishment may not be at hard labor shall, until otherwise provided by law, be tried by the judge without a jury. Cases, m which the punishment
 
 may
 
 be at hard labor, shall be tried by a jury of
 
 five,
 
 all of whom must concur to render a verdict; cases, in which the punishment
 
 is necessarily
 
 at hard labor, by a jury of
 
 twelve,
 
 nine of whom must concur to render a verdict; cases in which the. punishment may be capital, by a jury of twelve, all of whom must concur to ie'nder a verdict.” (Emphasis ours)
 

 To the same effect is C.Cr.P. Art. 782.
 

 We must, therefore, inquire into the punishment to be imposed on conviction of possession of marijuana, in order to determine whether a trial for such charge is to be held before a jury of twelve, or a jury of five.
 

 When the instant offense was committed (March 20, 1970), the law governing the matter was Sub-Part A of Part 10 of Chapter 4 of Title 40 of the Revised Statutes, containing'Sections 961-984. Possession of marijuana was then
 
 necessarily
 
 punishable at hard labor (R.S. 40:681 [4]), and therefore triable only before a twelve-man jury.
 

 
 *211
 
 Before the trial occurred, however, that Sub-Part was repealed by the provisions of Act 457 of 1970, which substituted therefor a new Sub-Part, with the same numbered Sections. These new Sections superceded the old ones and contained new and different material.
 
 [2]
 
 Under the new law, possession of marijuana for a first offense is not punishable at hard labor, and for a second or greater number of offenses, it is punishable with or without hard labor. Consequently, not being necessarily punishable at hard labor, when the crime is committed since the effective date of the new law it must be tried before a five-man jury.
 

 / In this case, the State argues that even though the appellant was tried
 
 after
 
 the effective date of the Act, he was properly tried by a twelve-man jury. The contention is founded on those provisions of the new law which save for prosecution those crimes which had been committed prior to its adoption. They appear in new R.S. 40:987(a) and in Section 4 of Act 457 of 1970 (which is not a part of the Revised Statutes).
 

 R.S. 40:987(a) declares that “prosecutions” for any violation of law occurring prior to July 29, 1970 shall not be affected by this Sub-Part or abated by reason thereof. Section 2 of Act 457 of 1970 repeals the former Sections 961-986 of Title 40; and Section 4 states:
 

 “Crimes committed before this Act becomes effective, shall be prosecuted and punished under the laws in effect at the time of the commission of the crime, and,
 
 to the extent of such application only, such laws are hereby preserved; provided that sentences hereinafter imposed may not exceed the maximum terms herein specified
 
 and the judge shall have discretion to impose such minimum sentences as are provided for herein.” (Emphasis ours)
 

 Relying on R.S. 40:987(a), and the first part of Section 4 of the 1970 Act which recites that crimes committed prior to its effective date shall be
 
 “prosecuted and punished”
 
 under the law in effect at the time of their commission, the State argues that since prosecution and punishment at that time necessarily required imprisonment at hard labor, a twelve-man jury was necessary to try the offense.
 

 However, the matter is not so simple. Because, although Section 4 does indeed'' declare that former crimes should be
 
 prosecuted and punished
 
 under the former law, it would appear at first blush that, the ensuing proviso might be regarded as contradictory of that language, at least insofar as the
 
 punishment
 
 is concerned, be
 
 *213
 
 cause it seemingly limits the punishment for such offenses to that provided by the new law.
 

 Yet this is not actually the case as we shall hereafter demonstrate. Initially, there cannot be the slightest doubt that the savings clause clearly expresses the Legislature’s intent that all offenders of the former narcotic law, who have not been tried before the effective date of the new Act are to be
 
 punished under
 
 the
 
 former
 
 law — that is, sentenced on conviction to prison terms at hard labor. In State v. Hayes, 161 La. 963, 109 So.
 
 778
 
 (1926), the identical problem was presented. There, the offense charged (assault by shooting at) was an absolute felony, necessarily punishable by imprisonment at hard labor. Following the commission of the offense by defendant, but before trial the law was amended by Act 9 of 1912 which reduced the penalty to imprisonment with or without hard labor for not more than twenty years. At the trial it was contended that the defendant was entitled to be tried by only a five-man jury. The Court held, however, that the act was prospective and had no application to an offense committed prior to its enactment. In support of the holding we cited the savings clause of the new act which stated that:
 

 “This act shall not apply to offenses committed prior to the adoption hereof, but all such offenses shall be prosecuted and punished as is now provided by existing laws.”
 

 And we concluded that the accused was properly tried by a twelve-man jury.
 

 Careful scrutiny of the proviso of Section 4, which is relied on by appellant here, reveals that it is not in conflict with the preceding provision relative to the
 
 nature
 
 of the punishment to be hereafter imposed for offenses committed prior to its enactment. Nothing therein suggests that the
 
 punishment
 
 in such cases shall be with or without hard labor. Nor does it recite that the punishment shall be
 
 in accordance
 
 with the new law. To the contrary, as we have shown, it expressly retains prosecution
 
 and punishment
 
 under the
 
 old law.
 
 The language of the proviso which states “that
 
 sentences
 
 hereinafter enforced may not exceed the
 
 maximum terms
 
 herein specified” and that the judge may in his discretion impose “such minimum sentences” as provided for in the new law, merely limits the
 
 length of the sentence
 
 and permits the court to impose a minimum
 
 time
 
 as provided in the new law. (Formerly five years was the minimum sentence which could be imposed for possession of marijuana.) It does not, as shown, change the
 
 nature
 
 of the punishment.
 

 Inasmuch as the offense of possession of marijuana, committed before the effective date of Act 457 of 1970, is still necessarily punishable at hard labor (albeit the
 
 *215
 
 sentences may be of shorter duration) appellant herein was properly tried before a twelve-man jury.
 
 [3]
 

 Incidentally, this conclusion comports with that well-recognized and long-established rule of statutory construction which requires that a statute should be interpreted as a whole to effect the legislative intent and should be construed in such way as to reconcile, if possible, apparent inconsistencies so. that each part is given effect. Thus in Fruge v. Muffoletto, 242 La. 569, 137 So.2d 336 (1962), we said:
 

 “In construing a statute, the primary object is to ascertain and, if possible, give effect to the intention and purpose of the legislature as expressed in the statute. Since the meaning is to be determined from a general consideration of the act as a whole, all parts, provisions or sections must be read together; each must be considered with respect to, or in the light of, all the other provisions, and construed in harmony with the whole. The intent as deduced from the whole will prevail over that of a particular part considered separately;
 
 meaning should be given, if
 
 possible,
 
 to each and every section, and the construction placed on one portion should not be such as to obliterate
 
 another; so, in determining the meaning of a word, phrase or clause, the entire statute is to be considered.” (Emphasis ours)
 

 See also Mayfield v. Nunn, 239 La. 1021, 121 So.2d 65 (1960); C H F Finance Co. v. Jochum, 241 La. 155, 127 So.2d 534 (1961); and Johnson v. Collector of Revenue, 246 La. 540, 165 So.2d 466 (1964).
 

 For the reasons assigned the conviction and sentence are affirmed.
 

 BARHAM, J., dissents.
 

 [1]
 

 . He conceded he was the sole occupant of the room.
 

 [2]
 

 . This Act became effective July 29, 1970.
 

 [3]
 

 . Wo observe that a-ppellant was not son- ... teneeij to serve at hard labor. Nevertheless, we are powerless to rectify this error because' the State has not taken an appeal from the sentence..