270 So.2d 840 (1972)
264 La. 129
STATE of Louisiana
v.
Curtis Lee BENNETT et al.
No. 52478.
Supreme Court of Louisiana.
December 20, 1972.
James F. Abadie, Daniel R. Atkinson and John L. Avant, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Warren E. Mouledoux, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Frank J. Gremillion, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
The defendants were convicted of distribution of marijuana and were sentenced to the Department of Corrections for five years and one day. They appeal their convictions and sentences relying on six bills of exceptions reserved and perfected during the proceedings.
In Bill of Exceptions No. 1 the defendants object to the ruling of the trial judge that the trial would be by a five-man jury rather than a twelve-man jury. La.C.Cr. P. Art. 782 provides in pertinent part:
". . . Cases in which the punishment is necessarily at hard labor shall be tried by a jury composed of twelve jurors, nine of whom must concur to render a verdict. Cases in which the punishment may be imprisonment at hard labor, shall be tried by a jury composed of five jurors, all of whom must concur to render a verdict. . . ."
The defendants were charged with a crime which was alleged to have occurred on June 3, 1970. The legislative act in effect at that time prohibiting the crime charged was Act No. 416 of 1948. The penalty provided therein for the crime of distribution of marijuana was a jail sentence which was necessarily at hard labor. (See La.R.S. 40:981, as enacted by Acts 1948, No. 416, Sec. 2). Thus, since this was the act in effect at the time of the alleged commission of the crime by the defendants and it provided for a penalty which was necessarily at hard labor it would seem, according to La.C.Cr.P. Art. 782, that the defendants were to be tried *841 by a twelve-man jury. However, the matter is not so simple.
After the alleged commission of the crime, but prior to the trial, the legislature enacted Act 457 of 1970. In Act 457 of 1970 the legislature sought to amend much of the "Uniform Drug Law" which was enacted by Act 416 of 1948. Included within the provisions amended by the 1970 act was the penalty provision for the crime for which the defendants were charged. Under this new act the crime of distribution of marijuana was punishable by a jail sentence at hard labor or a fine. Thus, under the 1970 act the penalty for the crime of distribution of marijuana was no longer a sentence necessarily at hard labor; the judge was given the discretion to impose a fine in lieu of a jail sentence. Furthermore, Section 4 of the 1970 act provided as follows:
"Crimes committed before this Act becomes effective, shall be prosecuted and punished under the laws in effect at the time of the commission of the crime, and, to the extent of such application only, such laws are hereby preserved; provided that sentences hereinafter imposed may not exceed the maximum terms herein specified and the judge shall have discretion to impose such minimum sentences as are provided for herein." Acts 1970, No. 457, Sec. 4.
The state argues that since the above quoted proviso gave the judge discretion to impose the minimum sentences provided for by the 1970 act, and since the act did not provide for a sentence which was necessarily at hard labor, then the trial of the defendants was correctly had by a five man jury.
However, this contention has been previously rejected by this court in State v. Cazes, 262 La. 202, 263 So.2d 8 (1972). In that case the defendant, as in the instant case, was charged with a violation of the "Uniform Drug Law" alleged to have occurred prior to the enactment of Act 457 of 1970. However, the trial was had after the effective date of the act. The defendant there, argued that he was entitled to a five-man jury because Section 4 of the act gave the trial court the discretion to impose the minimum sentence provided for therein.
We held as follows:
"Careful scrutiny of the proviso of Section 4, which is relied on by appellant here, reveals that it is not in conflict with the preceding provision relative to the nature of the punishment to be hereafter imposed for offenses committed prior to its enactment. Nothing therein suggests that the punishment in such cases shall be with or without hard labor. Nor does it recite that the punishment shall be in accordance with the new law. To the contrary, as we have shown, it expressly retains the prosecution and punishment under the old law. The language of the proviso which states `that sentences hereinafter enforced may not exceed the maximum terms herein specified' and that the judge may in his discretion impose `such minimum sentences' as provided for in the new law, merely limits the length of the sentence and permits the court to impose a minimum time as provided in the new law. (Formerly five years was the minimum sentence which could be imposed for possession of marijuana.) It does not, as shown, change the nature of the punishment.
Inasmuch as the offense of possession of marijuana, committed before the effective date of Act 457 of 1970, is still necessarily punishable at hard labor (albeit the sentences may be of shorter duration) appellant herein was properly tried before a twelve-man jury."
Inasmuch as we held in the Cazes case, supra, that the defendant therein was to be tried by a twelve-man jury, we are constrained to find that the trial court was in error in the instant case in ruling that the trial of the defendants was to be by a five-man jury. Accordingly, we must reverse *842 the conviction and sentence of the defendants as they were not tried before the proper jury. State v. Vinzant, 200 La. 301, 7 So.2d 917 (1942). See also, State v. Crawford, 195 La. 428, 196 So. 921 (1940).
For the reasons assigned, the convictions are reversed and the case is remanded for a new trial.