278 So.2d 45 (1973)
STATE of Louisiana
v.
Richard RABBAS.
No. 52682.
Supreme Court of Louisiana.
May 7, 1973.
*46 Robert Glass, J. Philip Stein, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., Francis Dugas, Dist. Atty., Jerry H. Schwab, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
Defendant Richard Rabbas was convicted upon his trial by jury of distribution of marijuana, a violation of R.S. 40:971(a)(1), and was sentenced to nine years' imprisonment at hard labor in the Louisiana State Penitentiary. On this appeal defendant urges 15 bills of exceptions for our consideration. Since we find merit in Bill of Exceptions No. 20, that bill will be discussed first.
Bill No. 20 was taken when the trial court denied defendant's motion in arrest of judgment. The motion alleged that the trial of the defendant by a 12-man jury was illegal, and that he should have been tried by a jury of five.
Section 41 of Article VII of the Louisiana Constitution provides: "* * * Cases, in which the punishment may be at hard labor, shall be tried by a jury of five, all of whom must concur to render a verdict; cases, in which the punishment is necessarily at hard labor, by a jury of twelve, nine of whom must concur to render a verdict * * *." (Emphasis here and elsewhere supplied.)
Code of Criminal Procedure Article 859(4) provides that the trial court shall arrest judgment when "* * * The tribunal that tried the case did not conform with the requirements of Section 41 of Article VII of the Louisiana Constitution * * *".
The penalty provided for the crime with which the defendant was charged is set forth in R.S. 40:971(b)(2) (as amended by Act 457 of 1970). That portion of the statute reads as follows: "(b) Any person who violates subsection (a) with respect to: * * * (2) any other controlled dangerous substance classified in Schedules I, II or III shall, upon conviction be sentenced to a term of imprisonment at hard labor not more than 10 years or pay a fine of not more than $15,000, or both."
It is obvious from a reading of this penalty clause that the crime with which the defendant was charged was not a crime necessarily punishable at hard labor. Punishment assessed as imprisonment would necessarily be at hard labor, but the statute alternatively allows the imposition of a fine, or both imprisonment at hard labor and a fine. Two recent cases decided by this court support our conclusion that this defendant's bill of exceptions has merit.
In State v. Cazes, 262 La. 202, 263 So.2d 8 (1972), this court, discussing Cazes' possession of marijuana, stated that the possession, being necessarily punishable at hard labor at the time the crime was charged, was triable only before a 12-man jury. This result was reached, despite the repeal of the statute which made imprisonment at hard labor mandatory in such cases before Cazes' trial and the enactment of a statute which provided that imprisonment be with or without hard labor because the new statute also provided that punishment of crimes committed before its effective date be imposed under the former law, though sentences imposed could not exceed the new statutory maximum. The conclusion reached in Cazes leads us to this conclusion in the case sub judice: a crime such as Rabbas', not necessarily but discretionarily punishable by imprisonment at *47 hard labor, is triable only before a five-man jury.
In State v. Bennett, 264 La. 129, 270 So.2d 840 (1972), the defendants, like Rabbas, were charged with distribution of marijuana. At the time of the commission of the crime involved in Bennett, distribution of marijuana was necessarily punishable at hard labor. After the commission of the crime but before the trial, the applicable penal statute was amended to provide that the crime was punishable by imprisonment at hard labor or a fine. (This is the penal statute which was applicable to Rabbas in the instant case.) This court held that the trial court in Bennett erred in ruling that the trial of the defendants was to be by a five-man jury since the offense, committed before the effective date of Act 457 of 1970, was then still necessarily punishable at hard labor.
Unlike the crime in Bennett, the offense here was committed after the effective date of Act 457 of 1970. We therefore hold that Rabbas could properly be tried only by a five-man jury and that his trial by a 12-man jury constituted error. For this reason we reverse the defendant's conviction and sentence. State v. Bennett, supra.
Having found merit in defendant's Bill of Exceptions No. 20 which requires reversal of the conviction and sentence and a remand for a new trial, we need not consider the other bills urged. However, we feel constrained to comment upon Bills Nos. 1, 10, 12, 13, 14, and 19, reserved by the defendant at various stages throughout the proceedings in connection with his efforts to establish a defense of entrapment.
It was proved at the trial that Stacy Freeman and Robert Garifo were employed by or through the Terrebonne Parish sheriff's department to "make" narcotics cases in the Houma area. The defendant contends that he distributed marijuana only by the inducement and entrapment through words and actions of these two "employees" of the sheriff's department. The defendant through a motion to produce and through subpoena tried to obtain the presence of Stacy Freeman to establish his defense of entrapment. The State was either unable or unwilling to disclose the whereabouts of its "employee" Stacy Freeman. At the trial defense counsel was refused the opportunity of producing hearsay testimony concerning the activities of the absent witness Stacy Freeman which, it is alleged, would have supported the defense of entrapment. If the State tries this defendant again for the offense charged, it should carefully consider Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L. Ed.2d 297 (1973); Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967); Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959).
Bill No. 11 is also worthy of note. It was reserved to the overruling of defense counsel's objection made when the State attempted to use a prior R.S. 40:983 "conviction" for purposes of impeaching a defense witness. "Convictions" under this statute clearly would not be admissible for purposes of impeachment under R.S. 15:495 at any time before the entry of an adjudication of guilt resulting from a violation of the terms and conditions of probation. The statute reads:
"§ 983. Conditional discharge for possession as first offense
"Whenever any person who has not previously been convicted of any offense under this part pleads guilty to or is convicted of having violated Sections 40:966C, 967C, 968C, 969C, 970C of this part, and when it appears that the best interest of the public and of the defendant will be served, the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable *48 terms and conditions as may be required.
"Upon the defendant's violation of any of the terms or conditions of his probation, the court may enter an adjudication of guilt and impose sentence upon such person.
"Upon fulfillment of the terms and conditions of probation imposed in accordance with this section, the court shall discharge such person and dismiss the proceedings against him.
"Discharge and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under R.S. 40:982.
"Discharge and dismissal under this section may occur only once with respect to any person."
Although the defendant has urged seven other bills of exceptions[*] for our consideration, we do not find it necessary to consider these bills since we hold that Bill of Exceptions No. 20 has merit and the error there complained of requires reversal of the defendant's conviction and sentence.
For the reasons stated in our discussion of Bill of Exceptions No. 20 we reverse the judgment of conviction and sentence and remand the case for a new trial.
SUMMERS, Justice.
I agree to the remand on the basis of Bill of Exceptions No. 20, nothing else.
NOTES
[*] Bill No. 2 was reserved when the trial court denied the defendant's motion to quash the petit jury venire on grounds that women were systematically excluded from the petit jury venire. Although the view of the majority of this court is to the contrary, this writer is of the opinion that Code of Criminal Procedure Article 402 and Section 41 of Article VII of the Louisiana Constitution are violative of due process and are therefore unconstitutional. See dissents in State v. Daniels, 262 La. 475, 263 So.2d 859 (1972), and State v. Enloe, La., 276 So.2d 283 decided March 26, 1973.