290 So.2d 872 (1974)
STATE of Louisiana
v.
Henry MARTIN.
No. 54002.
Supreme Court of Louisiana.
February 18, 1974.
Rehearing Denied March 22, 1974.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
Robert F. Fleming, Jr., Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
SANDERS, Chief Justice.
The defendant, Henry Martin, was prosecuted pursuant to a bill of information charging him with wilful and unlawful distribution of heroin in violation of LSA-R. S. 40:971. After trial by a five-man jury, the defendant was convicted of attempted possession with intent to distribute and sentenced to serve ten years at hard labor. He appeals, relying on two bills of exceptions.
Bill of Exceptions No. 1 was reserved when the court denied defendant's motion for a mistrial, based on his allegation that he was entitled to be tried by a twelve-man jury rather than a five-man jury. Bill of Exceptions No. 2 was reserved to the denial of a motion for a new trial, based on the same contention.
The offense with which defendant is charged was committed on July 7, 1972. At that time, Act No. 59 of 1971 was in effect. The penalty provisions of that Act authorized a sentence for heroin distribution of imprisonment at hard labor for not more than thirty years or a fine of not more than $15,000.00 or both. The penalty provision in effect at the time of trial, Act No. 634 of 1972, changed the penalty so as to require imprisonment at hard labor. The increased penalty, however, does not apply to a crime, such as the present one, committed before the effective date of the statute.
*873 Article VII, Section 41 of the Louisiana Constitution provides:
". . . Cases, in which the punishment may be at hard labor, shall be tried by a jury of five, all of whom must concur to render a verdict; cases, in which the punishment is necessarily at hard labor, by a jury of twelve, nine of whom must concur to render a verdict;. . ."
In State v. Rabbas, La., 278 So.2d 45 (1973), we held that, under the constitutional provision, a five-man jury was proper when the penalty provision authorized a fine and did not necessarily require imprisonment at hard labor. Hence, the ruling of the trial judge was correct.
Bill of Exceptions No. 1 is without merit.
Bill of Exceptions No. 2 was reserved to the denial of defendant's motion for a new trial. The motion reurges the question raised by Bill of Exceptions No. 1 and in addition alleges only that the verdict is contrary to the law and evidence. Hence, it presents nothing further for review.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., dissents with reasons.
BARHAM, Justice (dissenting).
It is my belief that there is error discoverable by a mere inspection of the pleadings and proceedings in this case which warrants a reversal of defendant's conviction and sentence. C.Cr.P. Art. 920. Defendant, charged in a bill of information with distribution of heroin, a violation of R.S. 40:971, was convicted after a trial by jury of attempted possession with intent to distribute. As will be fully explained in the reasons set forth hereinbelow, I am of the opinion that the verdict returned is not responsive to the charge contained in the bill of information.
The specific section of the legislative act which proscribed the conduct with which defendant was charged defines not one, but eight separate crimes. Made criminal are the following knowing and intentional acts concerning controlled dangerous substances: (1) production; (2) manufacture; (3) distribution; (4) dispensing; (5) possession with intent to produce; (6) possession with intent to manufacture; (7) possession with intent to distribute; and (8) possession with intent to dispense. Each of the eight crimes listed is a separate and distinct offense and, therefore, no two or more of these crimes may be charged conjunctively. C.Cr.P. Art. 493. More important, however, is the fact that these eight crimes all carry the same penalty. It therefore follows that no one or more of these crimes may be charged as a responsive verdict in a prosecution for any one of them, since Code of Criminal Procedure Article 815 requires that a responsive verdict be a lesser and included grade of the offense charged.
By clear legislative action, possession of heroin with intent to distribute is prevented from being a lesser grade of the offense of distribution and may not be charged as a responsive verdict. While a verdict of attempted distribution would be responsive to a charge of distribution and a verdict of simple possession would be responsive to a charge of possession with intent to distribute, attempted possession with intent to distribute is not responsive to a charge of distribution. This attempt is directed at a separate crime of equal dignity with the crime charged. It is not a lesser and included offense.
I respectfully dissent.