406 So.2d 1352 (1981)
STATE of Louisiana
v.
Ronald Fenon JENKINS.
No. 81-KA-0719.
Supreme Court of Louisiana.
December 4, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morgan J. Goudeau, III, Dist. Atty., Robert Brinkman, Asst. Dist. Atty., for plaintiff-appellee.
Anthony G. Terracina, Opelousas, for defendant-appellant.
PER CURIAM.
Ronald Jenkins was charged by bill of information with simple burglary of an inhibited dwelling, in violation of La.R.S. 14:62.2. On November 18, 1980, he was tried before a six person jury, which found him guilty as charged. Thereafter, the trial court sentenced him to serve ten years at hard labor. The defendant now appeals, urging two assignments of error as grounds for reversal of his conviction and sentence. We pretermit discussion of these contentions, however, as we find that the lower court improperly permitted the accused to be tried before a six-person jury rather than a twelve-person one.
Article 1, Section 17 of the 1974 Louisiana Constitution provides in pertinent part:
Section 17. A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case in which the punishment may be confinement without hard labor for more than six months shall be tried before a jury of six persons.... (emphasis supplied). See also La.C.Cr.P., Art. 782.
Defendant was charged with simple burglary of an inhabited dwelling, an offense punishable by a minimum term of one year *1353 imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence, and by a maximum of twelve years' imprisonment at hard labor. La.R.S. 14:62.2, as added by Acts 1978, No. 745. As a consequence of this mandatory hard labor sentence, defendant was entitled, by constitutional and statutory mandate, to trial before a twelve-member jury.
We have consistently held that the verdict returned by a jury composed of fewer than the correct number of jurors is null. State v. Bennett, 270 So.2d 840 (1972); State v. Cazes, 262 La. 202, 263 So.2d 8 (1972); State v. Crawford, 195 La. 428, 196 So.2d 921 (1940). Unlike most procedural errors discoverable on the face of the record, La.C.Cr.P. Art. 920(2), decreased jury size necessarily affects the fundamental fairness of proceedings against a criminal accused and hence, mandates reversal of his conviction. Ballew v. Georgia, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978); Burch v. Louisiana, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979); Cf. State v. White, 404 So.2d 1202 (La.1981). As noted by the Supreme Court in Ballew v. Georgia, supra, 435 U.S. at 242, 98 S.Ct. at 1040:
"Larger juries (size twelve) are preferable to smaller juries (six). They produce longer deliberations, more communication, far better community representation, and, possibly, greater verdict reliability (consistency)." Quoting Saks, Jury Verdicts (1977), p. 107.
In recognition of these factors, Art. 1, § 17 represents a considered determination that, as the consequences of conviction stiffen, so should the defendant's procedural safeguards.
Accordingly, defendant's conviction and sentence are reversed and the case is remanded to the district court for a new trial.
LEMMON, J., dissents with reasons.
LEMMON, Justice, dissenting.
The majority reverses this conviction following a fairly conducted jury trial and unanimous jury verdict on an issue which was not raised by defendant either prior to trial or on appeal, and which does not affect the essential fairness of the proceedings or the accuracy of the factual determination.
Under the Louisiana jurisprudence and statutes this court may consider error "patent on the face of the record", despite the lack of a contemporaneous objection (C.Cr.P. Art. 841) or even an assignment of error (C.Cr.P. Art. 920). See State v. Rabbas, 278 So.2d 45 (La.1973). However, in State v. White, 404 So.2d 1202 (La.1981), this court recognized the rather obvious proposition that "patent" error and "reversible error" need not be equated. To decide whether unobjected-to patent error requires reversal, when raised in a post-conviction context, the circumstances of the case must be evaluated to determine whether prejudice has been shown (or is apparent) or whether the fundamental fairness of the proceedings has been affected. Because I strongly believe that defendant did not suffer any prejudice from being tried before a six-member jury (requiring a unanimous verdict) as opposed to a 12-member jury (requiring the concurrence of only 10 of the 12 to return a verdict), I dissent from reversing the conviction.