CRAIN, Judge.
Plaintiff, Telecable Associates, Inc. (TCA), paid certain ad valorem taxes for the year 1990 under protest. The taxes paid were based on assessments made by the assessors of Lincoln and Morehouse Parishes. Failing to obtain relief by protest, TCA appealed the assessments to the Louisiana Tax Commission (LTC). The LTC decided against TCA on April 23,1991. This suit was then filed in the Nineteenth Judicial District Court against the LTC and Jewel Farley, Assessor of Lincoln Parish, and Michael Wooden, Assessor of More-house Parish. The LTC answered asking that the court uphold its decision. However, the two assessors, Farley and Wooden, filed declinatory exceptions raising objections to the venue of the Nineteenth Judicial District Court and asked that the suits be dismissed and alternatively that the contest to the assessments in their respective parishes be transferred to the Third Judicial District Court for Lincoln Parish and the Fourth Judicial District Court for More-house Parish. On August 6, 1991, a judgment was signed sustaining the objections to the venue and dismissing the suits. TCA appeals.
Suits against the LTC are subject to the special venue provision contained in La.R.S. 47:1998(A)(1) which provides in pertinent part as follows:
A. Any taxpayer or bona fide representative of an affected tax-recipient body in the state dissatisfied with the action of the tax commission under the provisions of R.S. 47:1989, shall have the *963 right to institute suit within thirty days of the decision of the tax commission in either the district court for the parish where the tax commission is domiciled or the district court of the parish where the property is located contesting the correctness of the assessment. Any taxpayer who owns property assessed in more than one parish may institute this suit in either the district court for the parish where the tax commission is domiciled or the district court of any one of the parishes in which the property is located and assessed, provided at least twenty-five percent of the parishes where the property is located are named in the suit. However, if at least twenty-five percent of the parishes are not named in the suit, then the suit must be filed in the parish where the property is located.
(emphasis added). The trial court sustained the exception of venue based on the last sentence of the above quoted statute.
Prior to 1982, La.R.S. 47:1998 provided for venue in suits against the LTC in the parish where the property was located. In Dow Chemical Co. v. Pitre, 421 So.2d 847 (La.1982), the supreme court decided that the Administrative Procedures Act did not grant an additional venue at the domicile of the LTC. The legislature then amended La.R.S. 47:1998 so that under the first sentence of La.R.S. 47:1998 any tax payer is given the right to sue the LTC at either the domicile of the LTC (East Baton Rouge) or where the property is located. The language of the first sentence does not limit any taxpayer to only those who own property in only one parish.
The 1982 amendment also amended the second sentence to give rights to the multi-parish property owner additional to the rights given in the first sentence. The taxpayer “who owns property assessed in more than one parish” could sue at the domicile of the tax commission or at “any one of the parishes in which the property is located and assessed.” This obviously created a problem because an assessment in one parish could be challenged in a parish completely across the state if the taxpayer owned property in both. Thus, in 1988, the statute was again amended by adding to the second sentence, which made venue proper in any parish where a multi-parish property owner owned property, the following language: “provided at least twenty-five percent of the parishes where the property is located are named in the suit.” As a result of just this language, which obviously was intended to modify only the second sentence of the statute, an assessment in one parish can be challenged in another parish where the taxpayer owns property only if twenty-five percent of the parishes where the taxpayer owns property are named. Just as obvious is the fact that the second sentence at this point still retains the domicile of the LTC as a permissible venue. Thus, a taxpayer who owns property in more than one parish may institute suit challenging a decision of the LTC in any one of the parishes where property is owned provided twenty-five percent are named in the suit or at the domicile of the LTC.
The problem arises in that a last sentence was added by the same 1988 amendment to provide for multi parish property owners whose suits did not name twenty-five percent of the parishes where they owned property do not name twenty-five per cent. The language added is as follows: “However, if at least twenty-five percent of the-parishes are not named in the suit, then the suit must be filed in the parish where the property is located.” (emphasis added). The sentence is inartis-tically drawn. It should again make clear that in all events the venue of the domicile of the LTC is retained. However, the above analysis clearly points to the conclusion that the last sentence is meant to refer only to the companion language adopted at the same time and made a part of the second sentence. So interpreted it would allow venue in any parish where the multi-parish property owner owns property if more than twenty-five percent are named, the parish where the property is located if twenty-five percent are not named, or in either case the domicile of the LTC. This *964 interpretation does not allow one portion of the statute to obliterate another, and gives meaning to the entire statute as required by the supreme court in State v. Cazes, 262 La. 202, 263 So.2d 8 (La.1972).
We reverse the judgment of the trial court maintaining the declinatory exception raising the objection of venue and remand for further proceedings. All costs to be paid by appellees.
REVERSED AND REMANDED.