Dear President Jenkins:
You requested the opinion of this office concerning the 1999 amendment to R.S. 17:3361. As you noted, this statute authorizes the lease of land by institutions of higher education to certain entities such as fraternities, sororities, religious, benevolent or nonprofit organizations, military organizations and public bodies without the requirement of a bid or procurement process. In 1985, R.S. 17:3361 was amended to add Subsection 5(A) to allow a lease to "[a] private entity, provided such private entity shall be obligated under the terms of the lease agreement to construct improvements on the leased premises which will further the educational, scientific, research, or public service functions of the board." In 1999, Act 167 amended R.S. 17:3361(A)(5) to provide that such leases would be allowed only if "the private entity has been selected pursuant to a competitive bid or competitive proposal process." Your question is whether the 1999 amendment has any affect on any provision other than subsection (5). In other words, if a entity meets the requirement of another subsection, must the lessee be selected pursuant to a competitive bid or competitive proposal process?
R.S. 17:3361(A) authorizes each higher education management board to grant leases of a portion of its grounds, to any of the following:
 (1) An organized national or local college or university fraternity or sorority.
 (2) A religious, quasi-religious or benevolent organization or other nonprofit corporation or association.
 (3) A military organization under the supervision of the state of Louisiana or of the United States of America.
 (4) A public body.
 (5) A private entity, provided such private entity shall be obligated under the terms of the lease agreement to construct improvements on the leased premises which will further the educational, scientific, research, or public service functions of the board and provided further that the private entity has been selected pursuant to a competitive bid or competitive proposal process.
In ABL Management, Inc. v. Board of Supervisors of SouthernUniversity, No. 00-0798 (La. 11/28/00), ___ So.2d ___, the Louisiana Supreme Court discussed whether a lease under R.S. 17:3361 was also a procurement, finding that it was not. The Court set forth the rules of statutory interpretation as follows in pertinent part:
 It is well established that when a statute is clear and free of ambiguity, it must be given effect as written. Hebbler v. New Orleans Fire Dept., 310 So.2d 313
(La. 1975). Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. La.Rev.Stat. Ann. § 1:3. When interpreting a statute, the court should give it the meaning the Legislature intended. Cat's Meow v. City of New Orleans, 98-0601 (La. 10/20/98), 720 So.2d 1186, 1198. It is presumed that every word, sentence or provision in the statute was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360
(La.App. 1 Cir. 1984). Conversely, it will not be presumed that the Legislature inserted idle, meaningless or superfluous language in the statute or that it intended for any part or provision of the statute to be meaningless, redundant or useless. Id. The Legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. Theriot v. Midland Risk Ins. Co., 95-2895 (La. 5/20/97), 694 So.2d 186. A statute's meaning and intent is determined after consideration of the entire statute and all other statutes on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the statute and with the obvious intent of the Legislature in its enactment of the statute. Where it is possible, the courts have a duty in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other provisions. Bunch, 446 So.2d at 1460. Moreover, when a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written. Cat's Meow, 720 So.2d at 1198. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the statute and will carry out the Legislature's intention. State v. Cazes, 262 La. 202, 263 So.2d 8 (La. 1972). Ultimately, it is clear that the law provides that the statute be accorded a fair and genuine construction. Louisiana Health Serv. v. Tarver, 93-2449 (La. 4/11/94), 635 So.2d 1090, 1094. A reasonable construction in light of the statute's purpose is what is required. J.M. Brown Constr. Co. v. D M Mech. Constr., Inc., 275 So.2d 401 (La. 1973).
Subsections (1) through (5) are separate and distinct categories of lessees. To find otherwise would be to make subsections (1) through (5) meaningless, redundant or useless. It is the opinion of this office that if a higher education management board desires to lease a portion of its grounds to an entity, a competitive bid or competitive proposal process is required if the authorization for the lease is derived only from subsection (5). If the lease is authorized by subsections (1) through (4), there is no requirement for a competitive bid or competitive proposal process. Accordingly, if the proposed lessee is, for example, a nonprofit corporation under subsection (2), there is no requirement that the lessee be selected by a competitive process.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH