# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1102

**STATE OF LOUISIANA**

**VERSUS**

**JOSEPH ANTHONY ROMERO**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF IBERIA, NO. 07-0394
HONORABLE EDWARD LEONARD, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Marc T. Amy, Judges.

**REVERSED AND REMANDED.**

J. Phil Haney
District Attorney, 16th Judicial District
Walter J. Senette, Jr.
Assistant District Attorney, 16th Judicial District
St. Mary Parish Courthouse
Franklin, LA 70538
(337) 828-4100
COUNSEL FOR APPELLEE:
    State of Louisiana

Peggy J. Sullivan
Louisiana Appellate Project
Post Office Box 2775
Monroe, LA 71207-2775
(318) 387-6124
COUNSEL FOR DEFENDANT/APPELLANT:
    Joseph Anthony Romero

PETERS, J.

A jury convicted the defendant, Joseph Anthony Romero, of unauthorized use of a motor vehicle, a violation of La.R.S. 14:68.4, and of aggravated flight from an officer, a violation of La.R.S. 14:108.1. After being sentenced on both offenses,[1] the defendant perfected this appeal. We need not consider the defendant's assignments of error because we find an error patent on the face of the record that requires us to set aside the convictions and remand the matter to the trial court for further proceedings.

The State of Louisiana charged the defendant in a single bill of information with both offenses, and a six-person jury convicted the defendant of both charges. The maximum incarceration sentence that may be imposed for the offense of unauthorized use of a motor vehicle is ten years with or without hard labor. La.R.S. 14:68.4(B). Based on the potential penalty, that offense is to be tried by a six-person jury, all of whom must concur to reach a verdict. La.Const. art. 1 § 17(A); La.Code Crim.P. art. 782(A). On the other hand, an incarceration sentence of no more than two years at hard labor shall be imposed for aggravated flight from an officer. La.R.S. 14:108.1(E). Based on that potential penalty, that offense is to be tried by a twelve-person jury, ten of whom must concur to reach a verdict. La.Const. art. 1 § 17(A); La.Code Crim.P. art. 782(A).

With regard to joinder of offenses, La.Code Crim.P. art. 493 provides:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common

---

[1] After the trial court initially sentenced the defendant on the two offenses, the State of Louisiana charged him as an habitual offender. The trial court vacated the sentences imposed and sentenced the defendant to serve seventy years at hard labor. The habitual offender adjudication and sentence is the subject of a separate appeal in *State v. Romero*, 08-1201 (La.App. 3 Cir. _/_/09).

scheme or plan; provided that the offenses joined must be triable by the same mode of trial.

In this matter, it is not disputed that the two offenses charged are based on the same act or transaction. However, La.Code Crim.P. art. 493.2 provides that:

> Notwithstanding the provisions of Article 493, offenses in which punishment is necessarily confinement at hard labor may be charged in the same indictment or information with offenses in which the punishment may be confinement at hard labor, provided that the joined offenses are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. *Cases so joined shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict.*

(Emphasis added.)

The supreme court, in *State v. Jenkins*, 406 So.2d 1352, 1353 (La.1981), addressed a situation where the defendant was tried by a jury with fewer jurors than required[2] and, in reversing the conviction, stated in pertinent part:

> We have consistently held that the verdict returned by a jury composed of fewer than the correct number of jurors is null. *State v. Bennett*, 270 So.2d 840 (1972); *State v. Cazes*, 262 La. 202, 263 So.2d 8 (1972); *State v. Crawford*, 195 La. 428, 196 So.2d 921 (1940). Unlike most procedural errors discoverable on the face of the record, La.C.Cr.P. Art. 920(2), decreased jury size necessarily affects the fundamental fairness of proceedings against a criminal accused and hence, mandates reversal of his conviction. *Ballew v. Georgia*, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978); *Burch v. Louisiana*, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979); Cf. *State v. White*, 404 So.2d 1202 (La.1981). As noted by the Supreme Court in *Ballew v. Georgia*, *supra*, 435 U.S. at 242, 98 S.Ct. at 1040:
>
> > "Larger juries (size twelve) are preferable to smaller juries (six). They produce longer deliberations, more communication, far better community representation, and, possibly, greater verdict reliability (consistency)." Quoting Saks, Jury Verdicts (1977), p. 107.

---

[2]In *Jenkins*, the defendant had been charged with simple burglary of an inhabited dwelling, an offense requiring a twelve-person jury, but was tried before a six-person jury.

2

In recognition of these factors, Art. 1, § 17 [of the 1974 Louisiana Constitution] represents a considered determination that, as the consequences of conviction stiffen, so should the defendant's procedural safeguards.

## DISPOSITION

For the foregoing reasons, we reverse the defendant's convictions for unauthorized use of a motor vehicle and aggravated flight from an officer and remand the matter to the trial court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**