On February 5, 1948, the fifteenth calendar day after the rendition of our decision of January 21, 1948, plaintiff-appellee presented to the clerk of this court an application for a rehearing, which the clerk refused to receive on the ground that it came too late, his refusal being based on the first paragraph of Rule X of the rules of this court, which provides that applications for rehearings must be presented within the delay provided by law, and that when filed too late the clerk shall refuse to accept them.
Plaintiff then applied for writs of certiorari or review to the Supreme Court (No. 38,905 of its docket), which were refused with the following comment:
"Writs refused. This application is premature. Relator should apply to the Court of Appeal to order its clerk to show cause why the application for rehearing should not be received and filed by him."
There was then filed in this court by plaintiff a motion, which is now before us for consideration, in which he seeks to compel the Clerk of Court to receive and file the application which had been tendered on February 5, 1948. It is averred that said application had been timely made because plaintiff's counsel had never been notified of our judgment, and that no delay for applying for a rehearing ran against him as a result. This contention is based upon Art. 7, sec. 24, of the Constitution of 1921, which provides that notice of judgments rendered by the Courts of Appeal of each circuit shall be given to counsel of record, and that the courts shall provide by rule for the giving of such notice, and that no delay shall run until such notice shall have been given.
[1, 2] The Constitutional provision upon which reliance is made has no application to the Court of Appeal for the Parish of Orleans, and its judgments on appeals from the district courts become final and executory on the fifteenth calendar day after their rendition, without the formality of notification to counsel of record. A rehearing must be applied for prior to the judgment becoming final, and consequently no consideration whatever can be accorded plaintiff's application, as it came too late, and we decline to order the clerk to receive and file it.
We said in Bell v. Employers' Liability Assur. Corporation, Ltd., La. App., 153 So. 334:
"An examination of this section of the Constitution convinces us that it has no application to the Court of Appeal for the parish of Orleans, since it deals exclusively with the organization and operation of the other two Courts of Appeal of this state. This has always been the view of the judges of this court as demonstrated by the fact that no notice of judgment has ever been given in compliance with this section of the Constitution. See sections 76, 77, 78 and 79."
Act 16 of 1910, sec. 1, provides:
"Judgments rendered in the Courts of Appeal of the State shall become final and executory on the fifteenth calendar day after the rendition, * * * unless the last day shall fall on a legal holiday, when the delay shall be extended to the first day thereafter not a legal holiday; provided that in the interval parties in interest shall have the right to apply for rehearing; * * *"
For the reasons assigned, the motion is denied.
Motion denied. *Page 415