HAWTHORNE, Justice.
This cause is before us under our supervisory jurisdiction, and the sole question of law presented is whether the provisions of Article 7, Section 24, of the Constitution are applicable to the Court of Appeal for the Parish of Orleans.
Article 7, Section 24, of the Constitution of 1921 provides:
“The sessions of said Courts of Appeal shall- continue in each circuit for a period of nine months, beginning not later than the first Monday of October in each year, and ending not sooner than the thirtieth day of June in the following year; and said courts sháll convene at the several places named as the public business may require, and shall remain in session at such places until the- cases before them are heard, or continued; reserving to each of said courts the right to finally dispose of any or all causes at its domicile. Appeals shall be returnable to the respective domiciles of said courts, or to such other places as each may by rule provide, in the manner and within the time fixed by law. Notice of all judgments shall be given to the counsel of record; and the court shall provide by rule for the giving of such notices. No delays shall run until such notice shall have been given.”
On January 21, 1948, the Court of Appeal for the Parish of Orleans rendered a judgment adverse to relator herein. On February 5, 1948, the fifteenth calendar day after the judgment of the Court of Appeal was rendered, relator attempted to file with the clerk of that court an application for a rehearing which the clerk refused to accept and file for the reason that it was not timely filed under the provisions of Act 16 of 1910. That act, insofar as it may be pertinent, provides:
“Judgments rendered in the Courts of Appeal of the State shall become final and executory on the fifteenth calendar day after the rendition, * * * unless the last day shall fall on a legal holiday, when the delay shall be extended to the first day thereafter not a legal holiday. * * * ”
Relator contends that no notice of judgment was given, and that for this reason his application was timely filed under the provisions of Article 7, Section 24, that notice of all judgments shall be given to counsel of record, and that no delay shall run until such notice shall have been given; or, in other words, he argues that the judgment rendered adversely to him had not become final.
Sections 19 through 30 of Article 7 of the Constitution are under the general heading “Courts of Appeal”. Some of these sections by their language are applicable to all the Courts of Appeal of this state, while others apply only to the Court of Appeal of the First Circuit or the Court *259 ■of Appeal of the Second Circuit or both. For an interpretation of Section 24, quoted hereinabove, upon which relator relies, we must read the two sections immediately-preceding it. Section 22 provides that the domicile of the Court of Appeal, First Circuit, shall be in the City of Baton Rouge, and, further, that the court shall sit at least twice a year at New Iberia, Opelousas, Lake Charles, etc. Section 23 fixes the domicile of the Court of Appeal, Second Circuit, in the City of Shreveport, and provides that this court shall sit at least twice a year at Alexandria, Monroe, ■etc. Thus Section 22 is concerned with the Court of Appeal, First Circuit, and Section 23 with the Court of Appeal, Second Circuit.
The first sentence in Section 24 provides that the session of “said Courts of Appeal" shall continue in each circuit for a period of nine months, etc. The words ■"said Courts of Appeal” found therein could refer only to the Courts of Appeal for the First and Second Circuits named specifically in the two preceding sections. This interpretation is further borne out by the fact that this section also provides that "said courts shall convene at the several places named as the public business may require”. The words “the several places named” have reference to the cities mentioned in Sections 22 and 23, and thus Section 24 can apply only to the Courts of Appeal for the First and Second Circuits, as the Court of Appeal for the Parish of Orleans is not named in either of the sections, and, further, as that court sits and holds its sessions only in the City of New Orleans, as provided in Section 76 of Article 7.
For these reasons we conclude that Section 24 has no application to the Court of Appeal for the Parish of Orleans, and deals exclusively with the procedure and operation of the Courts of Appeal for the First and Second Circuits; and the Court of Appeal for the Parish of Orleans correctly so held in 1934 in the case of Bell v. Employers’ Liability Assur. Corporation, Ltd, 153 So. 334.
Section 24 is not applicable to the Court of Appeal for the Parish of Orleans, and we know of no other law which requires that court to give notice of its judgments to the attorneys of record, nor does relator call our attention to any. Therefore the judgment which was rendered in the instant case adversely to relator became final on the fifteenth calendar day under the provisions of Act 16 of 1910, and the refusal of the Court of Appeal to give consideration to relator’s application for a rehearing and to order the clerk to receive and file it was correct. See per curiam of that court in the instant case, filed March 4, 1948, reported 34 So.2d 361, 362.
For the reasons assigned, the per curiam decision of the Court of Appeal is affirmed at relator’s costs.
MOISE, J, absent.