310 So.2d 139 (1975)
John P. McGRAW, Plaintiff-Appellee,
v.
IBERIA PARISH SCHOOL BOARD, Defendant-Appellant.
No. 4912.
Court of Appeal of Louisiana, Third Circuit.
March 19, 1975.
Rehearing Denied April 15, 1975.
Writ Refused June 17, 1975.
Leon E. Roy, Jr., New Iberia, for defendant-appellant.
William E. Logan, Jr., Lafayette, for plaintiff-appellee.
Before FRUGÉ, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
Plaintiff, John P. McGraw, filed this suit against defendant, Iberia Parish School Board, asking that a writ of mandamus issue directing defendant to return plaintiff to a position as assistant superintendent of schools for Iberia Parish. Plaintiff alleged that he had served in that position from July 1, 1968, until June 30, 1973, at which time he requested and was *140 granted a sabbatical leave for the period from July 1, 1973, to June 30, 1974. Plaintiff alleged that defendant is required under the provisions of LSA-R.S. 17:1182[1] to return him to that position; that plaintiff holds a valid teaching certificate and served for more than three years as assistant superintendent of schools.
The parties entered into a stipulation of facts as follows: plaintiff McGraw was employed as assistant superintendent from July 1, 1968 until July 3, 1974; he held a valid Louisiana teacher's certificate prior to and since his employment in that capacity; the Iberia Parish School Board's operating procedures and policies were adopted on November 15, 1972, and require the assistant superintendent to hold a valid Louisiana teacher's certificate; prior to 1972, the written regulations as to the office were contained in Bulletin 746 of the Louisiana Department of Education; prior to his employment as assistant superintendent of the Iberia Parish School Board, plaintiff was employed as principal of the New Iberia Senior High School at a salary of $17,019.26; plaintiff's salary as assistant superintendent for July 1, 2 and 3, 1974, was based on an annual salary of $19,862.50; plaintiff was terminated as assistant superintendent on July 3, 1974, by the Iberia Parish School Board without written notice or a hearing and was appointed as principal of the North Lewis Street Elementary School at an annual salary of $17,019.26 but plaintiff has refused to accept that position.
On these facts, the trial court rendered judgment in favor of plaintiff and against defendant declaring that the position of assistant superintendent of schools for Iberia Parish is subject to the teacher tenure law and that plaintiff had acquired tenure in that position. The Iberia Parish School Board was ordered to return plaintiff to that position.
The defendant school board has appealed from the adverse judgment of the trial court.
We affirm.
To acquire tenure one must meet the definition of a teacher in LSA-R.S. 17:441:
"As used in this Sub-part, the word `teacher' means any employee of any parish or city school board who holds a teacher's certificate and whose legal employment requires such teacher's certificate."
Thus, a teacher for purposes of tenure is an employee of a parish school board who holds a teacher's certificate and whose legal employment requires such a certificate. Bulletin 746 issued by the Department of Education in 1964 is contained in the record and provides as follows:
"To be eligible for professional service in the schools of Louisiana, a teacher must hold a valid teacher's certificate issued by the Louisiana State Department of Education, the requirements for which are determined by the Louisiana State Board of Education. No person who lacks this certificate shall be legally eligible for administrative, supervisory, teaching or other professional services in the schools of this state."
Clearly, plaintiff comes within the definition in LSA-R.S. 17:441 in that he is an employee of a parish school board, holds a teacher's certificate and is required by the regulations of the Department of Education to hold a teacher's certificate for his employment.
For the foregoing reasons, the judgment of the trial court directing the defendant board of education to reinstate plaintiff in *141 his position as assistant superintendent of schools for Iberia Parish is affirmed at the cost of defendant-appellant, the Iberia Parish School Board.
Affirmed.
NOTES
[1] LSA-R.S. 17:1182.

§ 1182. Return to same position.
Every person on sabbatical leave shall be returned at the beginning of the semester immediately following such leave to the same position at the same school from which such leave was taken, unless otherwise agreed to by him.