HALL, Judge.
The issue in this case is whether plaintiff, William C. McDaniel, Director of Personnel for the Caddo Parish School Board, is eligible for a sabbatical leave under the provisions of LSA-R.S. 17:1171 which provides in part:
“Members of the teaching staff of public schools in all parishes and municipalities of the state of Louisiana shall be eligible for sabbatical leaves, for the purpose of professional or cultural improvement, or for the purpose of rest and recuperation, for the two semesters immediately following any twelve or more consecutive semesters of active service in the parish where the teacher is employed, or for the one semester immediately following any six or more consecutive semesters of service.”
This court, after reargument of the case before a panel of five judges pursuant to the mandate of Article V, Section 8(B) of the Louisiana Constitution of 1974, resolves the issue in favor of plaintiff, reversing the contrary decision of the district court.
McDaniel applied for a sabbatical leave for purposes of rest and recuperation. His application was denied by the School Board solely on the basis of the School Board’s determination that he is not “a member of the teaching staff” as that term is used in the statute. McDaniel’s suit for a writ of mandamus compelling the Board to grant the leave was dismissed by the district court, which held that the Board has discretion to determine which employees are and are not members of the teaching staff and the Board’s discretion was not abused in this case.
*35 McDaniel appealed, urging that the trial court’s decision should be reversed for any one of the following reasons:
“(a) The term ‘member of the teaching staff as used in R.S. 17:1171 is clear and includes all personnel whose position requires a teaching certificate; or
“(b) The term ‘member of the teaching staff’ is unclear, but when interpreted in pari materia with R.S. 17:441, R.S. 17:471, R.S. 17:571(23) and R.S. 17:762 includes all personnel whose position requires a teaching certificate; or
“(c) The term ‘member of the teaching staff’ is not clear and is not in pari mate-ria with other definitions of teacher found in Title 17, but must be interpreted uniformly to mean all personnel whose position requires teaching certificate; or
“(d) Is none of the above, but the Cad-do Parish School Board acted arbitrarily in denying plaintiff’s application for sabbatical leave and plaintiff is therefore entitled to the leave; or
“(e) The Caddo Parish School Board did not act arbitrarily, but under the facts of this case are estopped from denying plaintiff’s leave.”
McDaniel’s position is supported by the Louisiana Teachers Association, which filed a brief in this Court as amicus curiae.
The School Board contends that members of the teaching staff include only those persons who take an active and direct role in the instructional or educational process and supervisors who actually supervise teachers or formulate curriculum, general or specific, offered in the school system, or directly assist, instruct, or otherwise impart knowledge or skills to the classroom teacher; and that the Board has the authority to determine whether an individual is a member of the teaching staff and should do so on a case by case basis. The Board contends the Director of Personnel does not come within these criteria.
McDaniel holds a teacher’s certificate. He previously held positions with the Caddo Parish School Board as classroom teacher, counselor, and Supervisor of Classified Personnel. In 1973, he became Director of Personnel. The Director of Personnel is required by the School Board to hold a teacher’s certificate as a qualification for employment in that position.
The Board’s job description for the position and the testimony of witnesses show that the Director of Personnel administers the personnel responsibilities of the Board under the supervision of the Assistant Superintendent of Administration and Personnel. His duties relate to all personnel employed by the Board, both certified personnel who are required to hold teacher’s certificates and classified personnel who are not required to hold teacher’s certificates. In relation to certified personnel, the Director of Personnel is responsible for interviewing and recruiting prospective teachers and participates in the screening, employment, placing and assigning of teachers in the school system. He maintains all personnel records and, generally, is in charge of employee relations. He, along with the Assistant Superintendent, confers annually with a limited number of teachers who are reported by principals as performing below expectations and in this connection offers advice to the teachers in an effort to improve their performance. He confers with teachers in connection with other employment matters. He administers promotional examinations and serves on the promotion interview committee.
Prior to 1975, sabbatical leaves were routinely granted by the School Board, on the recommendation of the administrative staff, to administrative employees holding teacher’s certificates. McDaniel’s predecessor as Director of Personnel was granted a sabbatical leave in 1972. In 1975, the Board questioned this practice in connection with an application for leave by the Director of Public Relations. The minutes of the Board reflect her application was denied. The minutes also reflect a policy adopted by the Board of referring applications by administrative personnel to the Administrative Committee for consideration prior to action by the Board. The testimony shows that the present policy of the Board, which has not been reduced to writing and is not *36 reflected by its minutes, is to decide on a case by case basis as applications are filed whether supervisory and administrative personnel are members of the teaching staff and entitled to sabbatical leave under the statute. The Board’s current policy and procedure in good faith follows opinions of the Attorney General rendered to various school boards in recent years. The opinions are to the effect that supervisory personnel are eligible only if they take an active or direct role in the instructional or educational process; that supervisors are eligible who actually supervise teachers and who actually formulate the curriculum, general or specific, offered in the school system, or directly assist, instruct, or otherwise impart knowledge or skills to the classroom teacher; and that the Board has the authority to determine whether an individual is a member of the teaching staff and should do so on an individual basis.
The central issue then is one of interpretation of “members of the teaching staff” and “teacher” as used in LSA-R.S. 17:1171, et seq. The issue is res nova.[1]
Neither the plaintiff nor the School Board contends that the statute is limited to classroom teachers. The School Board, in its statement of policy and in its practice of actually granting sabbatical leaves to certain supervisory and administrative personnel, recognizes that the statute applies to at least some administrative and supervisory personnel. Likewise, plaintiff would concede that the statute does not apply to supervisory and administrative personnel whose duties do not relate to teaching, who do not hold a teacher’s certificate, and whose employment does not require a teacher’s certificate.
By adoption of the statute mandating sabbatical leaves for members of the teaching staff, it must be assumed that the Legislature intended the statute apply to a certain class or group of persons. There is no basis for the position that the Legislature intended to leave the determination of who is eligible for sabbatical leave entirely to the individual school boards around the state. Any determination by a School Board must be made within the terms and provisions of the statute. Interpretation of the meaning of the statute, in the event of a dispute, is ultimately a judicial function— not a function of the various school boards — although contemporaneous construction of the statute by the administrative agency charged with administering it is one of the guides or tools used by the court in determining the meaning of the statute. Contemporaneous construction is of little assistance in this case because the School Board administered the statute in one manner for several years and now is administering the statute in a different manner. Further, there is no evidence of a uniform construction of the statute throughout the State.
The word teacher is used throughout Title 17 and is defined in several sections for specific purposes. For purposes of tenure a teacher is defined as a person employed by a school board who holds a teacher’s certificate and whose legal employment requires a teacher’s certificate. Teacher is defined more broadly in other sections dealing with retirement and other matters.
In any school system, and particularly in a large one such as that of Caddo Parish, there are administrative and supervisory duties which must and should be performed by teachers, that is, persons holding teach *37 ing certificates. The School Board itself has recognized this by creating various supervisory and administrative positions, including Director of Personnel, and requiring that these positions be filled by teachers. Administrative and supervisory positions relating to teaching are, as disclosed by the record, customarily filled by promotion of teachers from within the system. In the course of advancement, a teacher may move from one position more directly related to the direct teaching process to a position less related, and vice versa. The fact that a teacher, required to hold and holding a teaching certificate, with tenure, is promoted and assigned to administrative duties does not make that person any less a teacher or member of the teaching staff. Leave for further study or for rest and recuperation makes as much sense for teachers with administrative responsibility as it does for classroom teachers.
Plaintiff McDaniel is a teacher by education, experience and profession. He holds a teacher’s certificate from the State Board of Education. Although state law does not require that the Director of Personnel of a school system hold a teacher’s certificate as a legal requirement of employment, the Caddo Parish School Board makes that requirement. The position McDaniel occupies is related to teaching and teachers, as recognized by the Board itself in requiring a teaching certificate as a condition of employment in the position. It is inconsistent for the School Board to require that the Director of Personnel be a teacher with a teaching certificate and then, in connection with a sabbatical leave request, take the position that the Director’s duties are not teacher related and that the Director is not a member of the teaching staff.
Consistent with the general use of the term teacher throughout the statutes, the term member of the teaching staff as used in the sabbatical leave statute includes employees who hold a teaching certificate, whose employment requires a teacher’s certificate, and whose duties relate to teaching or teachers. Plaintiff McDaniel is a member of the teaching staff of the Caddo Parish School Board and is eligible for sabbatical leave under LSA-R.S. 17:1171, et seq.
We do not hold that the School Board cannot create administrative and supervisory positions whose occupants are ineligible for sabbatical leave. The School Board has the authority and discretion under LSA-R.S. 17:84 to create other administrative positions, unrelated to teaching, and to employ persons who are not teachers to fill those positions. Examples shown by job descriptions in the record are the positions of Director of Finance and Director of Data Processing, which do not require a teaching certificate as a condition of employment. The fact that a person filling an administrative position happens to hold a teaching certificate would not necessarily make that person eligible for sabbatical leave, if the duties of the position are unrelated to teaching or if there is no requirement that the person holding the position be a teacher.
Plaintiff prayed for a writ of mandamus ordering the School Board to grant his application for a sabbatical leave for the 1976-1977 school year. That school year has substantially expired and will have expired by the time judgment in this case becomes final. In State ex rel Scoggins v. Vernon Parish School Board, 44 So.2d 385 (La.App. 1st Cir. 1950), under similar circumstances, the appellate court ordered the School Board to grant the teacher a sabbatical leave for the ensuing school year.
This is the only effective relief this court can grant at this time.
Accordingly, for the reasons assigned, the judgment of the district court is reversed. It is ordered that writ of mandamus issue directing the Caddo Parish School Board to grant William C. McDaniel sabbatical leave for the 1977-1978 school year. The case is remanded to the First Judicial District Court for issuance of the writ pursuant to this decree.
Reversed, rendered and remanded.
PRICE, J., dissents and assigns written reasons.

. There are no reported appellate decisions dealing with who is entitled to sabbatical leave under the statute. There are a few cases dealing with related issues involving supervisory or administrative personnel whose eligibility for sabbatical leave was not at issue. Coody v. Natchitoches Parish School Board, 166 So.2d 303 (La.App.3d Cir. 1964) involved the amount of salary due a principal of a high school while on sabbatical leave. McGraw v. Iberia Parish School Board, 310 So.2d 139 (La.App.3d Cir. 1975) involved an assistant superintendent of schools who was granted a sabbatical leave and was appointed as principal of an elementary school upon expiration of the leave. The court held the assistant superintendent was a teacher as defined by the Tenure Law, LSA-R.S. 17:441, in that he was an employee of the school board, held a teacher’s certificate, and was required to hold a teacher’s certificate, and ordered him reinstated to the position of assistant superintendent.