Dear Ms. Roberts:
Reference is made to your correspondence to this office, where you first ask whether there are any statutes pertaining to zoning which would prevent a church from locating within a certain distance from an establishment which sells alcoholic beverages. Our research reflects there are none.
In the alternative, and as you are well aware, both R.S. 26:81
and R.S. 26:281 prohibit the issuance of permits to dealers of beverages of high and low alcoholic content where the business locates within 300 feet of a church or school where the location of such a business is prohibited by municipal ordinance.[1]
Note that there is an exemption in the law which permits a seller of low alcoholic beverages to renew his permit to sell such beverages where a church locates within the prohibited area after the seller's original license was obtained. R.S. 26:281(F) states:
 (F) Should any premises licensed to deal in beverages of low alcoholic content be located within a distance less than that provided by a municipal or parish ordinance pursuant to this Section from property which is purchased or acquired after the license was obtained for the construction, erection, movement or development of a public playground or a building used exclusively as a church or synagogue, public library, school, or full-time day care center, such subsequent purchase or acquisition shall not be grounds for the revocation, withholding, denial or refusal to renew the permit on said premises either by state or local authorities.
The exemption of R.S. 26:281(F) pertains only to sellers of beverages of low alcoholic content; there is no corresponding language in R.S. 26:81 pertaining to beverages of high alcoholic content.
However, the Office of Alcohol and Tobacco Control is the state office responsible for issuing alcoholic beverage licenses to manufacturers, native wineries, retailers, wholesalers, and wholesale tobacco product dealers. We are informed by that office that these facts do not constitute grounds for immediate revocation of a permit; rather the practice of that office in these circumstances would be to renew the license so that beer and liquor licensees are treated similarly in similar circumstances. We are further informed by that office that the agency's interpretation of R.S. 26:81 does not require a denial of the licensee's application for renewal given the stated facts.
Note that the doctrine of contemporaneous construction may be applied to clarify the meaning of R.S. 26:81. Under this doctrine, when an administrative body has, over a long period of time, placed an interpretation upon a legislative enactment, that interpretation is given substantial and often decisive weight in the legislation's interpretation. See State v. BP Exploration Oil, Inc., 686 SO2d 823 (LA 1997), Board of Trustees of StateEmployees Group Benefits Program v. St. Landry Parish Bd.
844 So.2d (LA. App. 1st Cir. 2003); Ouachita Parish School Board v.Ouachita Parish Supervisors Association, 362 So.2d 1138 (LA 1978); Washington v. St. Charles Parish School Board,288 So.2d 321 (LA 1974).
The Office of Alcohol and Tobacco Control is the regulatory agency authorized to enforce state law regarding the issuance of alcoholic beverage permits. We defer to that agency regarding the interpretation of existing law in this area.
We hope the foregoing information is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ______________________ KERRY L. KILPATRICK Assistant Attorney General
KLK:ams
[1] § 81. Location of business limited
C. When prohibited by municipal or parish ordinance, no permit shall be granted for any premises situated within three hundred feet or less, as fixed by the ordinance, of a public playground or of a building used exclusively as a church or synagogue, public library, school, or full-time day care center as defined as R.S. 17:405(A)(4). In municipalities and in unincorporated areas which are divided into subdivisions with streets, blocks, and sidewalks, subject to the adoption of the alternate methods of measurement as provided for in paragraph (2) of this Subsection, this distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church, synagogue, public library, public playground, school, or full-time day care center to the nearest point of the premises to be licensed.
(2) A municipality may adopt an ordinance establishing an alternate method of measurement of the three hundred foot limitation by measuring a straight line from the nearest point of the property line of the church or synagogue, pubic library, school, or full-time day care center to the nearest point of the premises to be licensed. Such alternate method of measurement shall only apply prospectively to the issuance of a new alcohol permit issued on or after the date the ordinance has been adopted.
§ 281. Location of business limited; exception
C.(1) When prohibited by municipal or parish ordinance, no permit shall be granted for any premises situated within three hundred feet or less, as fixed by ordinance, of a public playground or of a building exclusively as a church or synagogue, public library, school, or full-time day care center as defined in R.S. 17:405(A)(4). In municipalities and in unincorporated areas which are divided into subdivisions with streets, blocks, sidewalks, etc., subject to the adoption of the alternate method of measurement as provided for in Paragraph (2) Subsection, this distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church or synagogue, public library, public playground, school or full-time day care center to the nearest point of the premises to be licensed.
(b). A municipality may adopt an ordinance establishing an alternate method of measurement of the three hundred foot limitation by measuring a straight line from the nearest point of the property line of the church or synagogue, public library, school, or full-time day care center to the nearest point of the premises to be licensed. Such alternate method of measurement shall only apply prospectively to the issuance of a new alcohol permit issued on or after the date the ordinance has been adopted.