Dear Mr. Bryan:
As the City Attorney for the City of Denham Springs, you ask the following question:
 Can the City Council and the Mayor of the City, without holding a new referendum election, amend the definition of "restaurant establishment" contained in its current local option ordinance?
Section 10-94 of the Code of Ordinances of the City of Denham Springs currently provides:
 Requirements for issuance of permits.
 A restaurant establishment shall be defined as an establishment:
 (1) Which operates place of business whose purpose and primary function is to take orders for and serve food items;
 (2) Which serves alcoholic beverages in conjunction with meals
 (3) Which serves food on all days of operation;
 (4) Which grosses 60 percent of its average monthly revenue from the sale of food, food items, and non-alcoholic beverages;
 (5) Which maintains separate sales figures for alcoholic beverages; and
 (6) Which operates a fully equipped kitchen which includes but is not limited to a range, an oven, and refrigerated storage appliances used for the preparation of uncooked foods for service and consumption of such foods on the premises."
Section 10-94 was adopted pursuant to a local option election held in October of 1994 in compliance with the provisions of R.S.26:73 then in effect. R.S. 26:73(B)(4) then included in its definition of "restaurant establishment" an establishment which "grosses *Page 2 
sixty percent of its average monthly revenue from the sale of food, food items, and non-alcoholic beverages".
R.S. 26:73(B)(4) was repealed by Act 1081 of the 1995 Regular Legislative Session. R.S. 26:73(B) now defines "restaurant establishment" as follows:
 B. (1) For purposes of this Section, "restaurant establishment" shall be defined as an establishment:
 (a) Which operates a place of business whose purpose and primary function is to take orders for and serve food and food items.
 (b) Which serves alcoholic beverages in conjunction with meals.
 (c) Which serves food on all days of operation.
 (d) Which maintains separate sales figures for alcoholic beverages.
 (e) Which operates a fully equipped kitchen used for the preparation of uncooked foods for service and consumption of such foods on the premises.
Because R.S. 26:73(B)(4) has been repealed, the council now proposes to amend Section 10-94 to require a "restaurant establishment" to gross 50 percent of its average monthly revenue from the sale of food, food items, and non-alcoholic beverages.
We direct your attention to R.S. 26:73(A)(2) which pertinently provides:
 Municipal and parish governing authorities may issue "R" permits similar to those provided for in this Section; however, the requirements and fees for such permits shall not exceed that required by this Section. (Emphasis added).
The language of R.S. 26:73 currently imposes no "percentage of sales" requirement visà-vis the definition of "restaurant establishment". Rather, the statute requires the business to have as its "purpose and primary function . . . to take orders for and serve food and food items". An amendment to the ordinance imposing a "fifty percent" rule may in fact exceed the requirements of R.S. 26:73, in contradiction to R.S. 26:73(A)(2) quoted above.
Further, it appears that the "sixty percent rule" presently set forth in Section 10-94 is invalidated by the subsequent amendment to R.S. 26:73. An ordinance adopted pursuant to local option election only has effect to the extent that it conforms to state law. See State vs. Sissons, 292 So.2d 523 (La. 1974). It is the opinion of this office that the ordinance may be amended to adopt the current language of R.S. 26:73 without resubmission to the electorate so that the ordinance is in compliance with state law.
Further, note that the doctrine of contemporaneous construction may be applied to clarify the meaning of R.S. 26:73. Under this doctrine, when an administrative body *Page 3 
has, over a long period of time, placed an interpretation upon a legislative enactment, that interpretation is given substantial and often decisive weight in the legislation's interpretation. See State v. BP Exploration Oil, Inc., 686 So.2d 823 (LA 1997), Board of Trustees of State Employees Group BenefitsProgram v. St. Landry Parish Bd. 844 So.2d (LA. App. 1st Cir. 2003); Ouachita Parish School Board v. Ouachita ParishSupervisors Association, 362 So.2d 1138 (LA 1978); Washingtonv. St. Charles Parish School Board, 288 So.2d 321 (LA 1974).
The Office of Alcohol and Tobacco Control is the regulatory agency authorized to enforce state law regarding the issuance of alcoholic beverage permits. We defer to that agency regarding further interpretation of R.S. 26:73.
We hope the foregoing is helpful to you. Should you have other questions, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: ________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL