Dear Mayor Morris:
You submit the following question to this office for resolution: is the City of Eunice required to designate as classified employees those police department employees working either as jailers or police records personnel?
The City of Eunice is a municipality having a population of not less than seven thousand and not more than thirteen thousand; thus, the civil service law governing the City of Eunice is found at La.R.S. 33:2531, etseq, entitled "Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts". Within these provisions, La.R.S. 33:2541 defines those positions which comprise the classified and unclassified service. Pertinent to this discussion are the following portions of R.S. 33:2541, stating:
 A. The classified service shall comprise every position, except those included in the unclassified service, to which the right of employee selection, appointment, supervision, and discharge is vested in the government of the municipality . . . under which the fire or police service functions, or in an officer or employee thereof, and which has as its primary duty and responsibility one of the following:
 2. Fire fighting and police.
 * * * 9. Secretary to the chief and departmental records clerk.
First, we are called upon to determine whether the position of jailerhas as its primary duty and responsibility. . . fire fighting and police
under R.S. 33:2541 (A)(2). Note that the doctrine of contemporaneous construction may be applied to clarify the somewhat ambiguous meaning of La.R.S. 33:2541 (A)(2). Under this doctrine, when an administrative body has, over a long period of time, placed an *Page 2 
interpretation upon a legislative enactment, that interpretation is given substantial and often decisive weight in the legislation's interpretation. See Ouachita Parish School Board v. Ouachita ParishSupervisors Association, 362 So.2d 1138 (La. 1978); Washington v. St.Charles Parish School Board, 288 So.2d 321 (La. 1974).
We have discussed this matter with the Office of the State Examiner, Municipal Fire and Police Civil Service, and been advised the Office considers the duties attached to the position of jailer as law enforcement functions critical to the operation of a municipal police department. The Office of the State Examiner interprets La.R.S. 33:2541
(A) to include a jailer as a classified employee, and has so advised appointing authorities and municipal civil service boards since the enactment of the statute by Act 282 of the 1964 Louisiana Regular Legislative Session.
For your further reference, please note that the Office of the State Examiner has assisted in the adoption of classification plans by the municipalities of Abbeville, Bastrop, Harahan, Jennings, Leesville, Morgan City, Oakdale, and Ville Platte (all governed by La.R.S. 33:2541, as is the City of Eunice); each classification plan includes the position of "jailer". You may find these plans at the State Examiner's website,http://www.ose.louisiana.gov.
We defer to the long-standing interpretation of the Office of the State Examiner, and conclude that the jailers employed by the City of Eunice must be placed within the classified service.
Finally, a "departmental records clerk" is considered a classified employee pursuant to R.S. 33:2541 (A)(9). Because the use of the singular (department records clerk) includes the plural, we advise that those City of Eunice employees currently performing the duties of a departmental records clerk must all be considered as classified employees.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK: arg
Ms. Melinda Livingston, State Examiner Municipal Fire and Police Civil Service 8550 United Plaza Blvd., Suite 901 Baton Rouge, LA 70809