Dear Ms. Alcock:
You advise this office that the Terrebonne Parish Consolidated Government recently created the classified position of Administrative Technician II within the Customer Service Division of the Finance Department.[1] The Customer Service Division issues various permits and licenses for liquor sales. Among other assigned clerical duties, the employee occupying the Administrative Technician II position will also be responsible for performing local records background checks on applicants seeking bar server cards.
Your inquiry is prompted by a complaint filed both with your office and with the Office of the State Examiner, Municipal Fire and Police Civil Service, by a former employee of the Finance Department who was recently laid off. This former employee asserts that local records background checks for the issuance of bar server cards may only be performed by classified employees of the City of Houma's police department, and to permit this duty to be performed by a classified employee of the Terrebonne Parish Consolidated Government violates state law governing the municipal fire and police civil service.
At the outset, we note that the governmental functions of the City of Houma have been consolidated with those of Terrebonne Parish, and the governing authority of both is known as the Terrebonne Parish Consolidated Government.[2] The *Page 2 
Terrebonne Parish Consolidated Government operates under the provisions of a home rule charter, which state that the City of Houma continues to provide certain municipal services, including fire and police protection.[3] The City of Houma's police department is subject to a system of civil service, pursuant to constitutional mandate.[4] Further, the City of Houma is also governed by the state fire and police civil service law applicable to municipalities with populations between 13,000 and 250,000.See La.R.S. 33:2471, et seq.
Positions in the City of Houma's police department are placed within the classified and unclassified service as provided by La.R.S. 33:2481. La.R.S. 33:2481 (A) states that a position in the police department is classified where the position "has as its primary duty and responsibility" the general duty of "law enforcement."[5] La.R.S. 33:2481 (B) then goes on to provide that "the unclassified service shall comprise. . .all officers, employees, and positions of employment. . .not having as a principal duty one of the duties hereinabove provided in the classified service." La.R.S. 33:2481 (B)(3) then places within the unclassified service ". . .all clerical positions not specifically included in the classified service."
Here, the complainant argues that the Administrative Tech II position is actually a position which falls within the classified police service under La.R.S. 33:2481 (A), because the performance of local records background checks is a law enforcement function. However, in order for a position in the police department to be considered classified under La.R.S. 33:2481 (A), the position must have as its primary duty and responsibility the general duty of law enforcement. Assuming here for the purposes of discussion that a local records background check is a law enforcement function, it is the opinion of this office that the employee occupying the Administrative Tech II would not be considered a classified employee of the police civil service under La.R.S. 33:2481(A) because the performance of local records background checks is not the principal duty assigned to the position, but only an incidental one.[6]
(a) The governmental functions of the City of Houma are hereby consolidated with the governmental functions of Terrebonne Parish. The name of the new government shall be the Terrebonne Parish Consolidated Government, hereinafter sometimes referred to as the "parish government." *Page 3 
Further, you state that the Chief of Police for the City of Houma has indicated that the type of local records background check performed by the Administrative Tech II employee does not include access to the National Crime Information System (NCIC). Here, we find it significant that the Chief advises there areunclassified clerical police department personnel currently working for the City of Houma who are authorized to perform the same type of limited background checks. This fact alone contradicts the argument that the performance of this type of local records background check is a law enforcement function which may only be performed by classified police department personnel under La.R.S. 33:2481 (A).
There is no definition of the phrase "law enforcement" as used in La.R.S. 33:2481 (A)(2). However, the doctrine of contemporaneous construction may be applied to clarify the law when the meaning is ambiguous. Under this doctrine, when an administrative body has, over a long period of time, placed an interpretation upon a legislative enactment, that interpretation is given substantial and often decisive weight in the legislation's interpretation. SeeOuachita Parish School Board v. Ouachita Parish SupervisorsAssociation, 362 So.2d 1138 (La. 1978);Washington v. St. Charles Parish School Board,288 So.2d 321 (La. 1974).
We have discussed this matter with the Office of the State Examiner, Municipal Fire and Police Civil Service, the agency responsible for advising local civil service boards regarding the fire and police civil service law. Our analysis here is in conformity with the opinion of the State Examiner, who has advised us that the Office of the State Examiner does not consider the performance of this type of local records background check as a "law enforcement function" critical to the operation of a municipal police department. Indeed, the State Examiner has reviewed the complaint filed by the former employee, and advises this office that no violation of La.R.S. 33:2481 (A) occurs by the assignment of this limited local records background check to an employee of the Terrebonne Parish Consolidated Government.
Finally, we find applicable here the reasoning expressed in La. Atty. Gen. Op. 85-627, an opinion directed to the Terrebonne Parish Consolidated Government. At issue in Opinion 85-627 was whether those police department clerks and *Page 4 
secretaries considered unclassified under La.R.S. 33:2481 (B) could legally be classified as members of the civil service system established by the Consolidated Government. This office advised the following:
 . . .the classified and unclassified service is set out in La.R.S. 33:2481. This statute provides that the jailer, dispatchers, secretary to the Chief, and departmental records clerk in both fire and police departments are classified members of the municipal fire and police civil service system. All other clerks and secretaries are excluded from the classified municipal fire and police civil service system. As such, these clerks and secretaries may be classified as members of the civil service system established by the Consolidated Government..
[Emphasis added.]
Under the reasoning expressed in Opinion 85-627, an unclassified clerical position in the City of Houma's police department, tasked with the duty to perform local records background checks, may be transferred to the civil system established by the Terrebonne Parish Consolidated Government. It is the opinion of this office that here there is no distinction between the transfer of such an unclassified police department clerk and the creation of an entirely new clerical position in the Consolidated Government, who is assigned this responsibility. Such a scenario is not prohibited by La.R.S. 33:2481 (A).
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] The Terrebonne Parish Consolidate Government has established a civil service system applicable to its employees under authority of LSA-Const. Art. 10, § 15.
[2] Article 1, Section 1-04(a) of the Terrebonne Parish Home Rule Charter states: Sec. 1-04. Consolidation of governments.
[3] Article 1, Section 1-04(b) of the charter states:
(b) The City of Houma shall continue to exist as a legal entity and shall render certain municipal services as provided under this charter and participate in federal and state grants, shared revenues and shared taxes peculiar to municipal governments.
[4] Pursuant to La.Const. Art. 10 § 16, a classified fire and police civil service system is established for and applies to all municipalities such as the City of Houma which have a population exceeding thirteen thousand and which operate a regularly paid fire and municipal police department.
[5] See La.R.S. 33:2481 (A)(2), relative to police department employees.
[6] The provided Job Description for the Administrative Tech II position includes the following functions: Receives department records and reports and checks them for completeness, accuracy and conformity to established procedures; corrects errors in records and reports or returns them for correction. Processes or files records according to department procedures. Fills out all forms or records required or assigned to this position. Reads graphs, charts, manuals, records, reports, or related department documents and compiles data needed for reports. Opens, sorts, and distributes incoming mail for the department or for the Customer Service Office as directed. Processes outgoing mail and interdepartmental correspondence. Places telephone calls for the CS Manager as directed. Answers any telephone calls coming in on assigned lines and handles routine matters, or transfers caller following department procedures. Files correspondence, cards, forms, records, or reports. Retrieves information or documents from the files. Operates a computer terminal, teletype or copying machine in order to enter or retrieve information. Transcribes reports and/or correspondence. Assists in the accounting of money and assets of the department. Disburses supplies and equipment as needed. Interaction with the public or applicants of various permits that are granted by our agency. Performs any related tasks assigned.